I,ARMSTRONG, Judge.
•In this case, the appellant, who was a 50% shareholder of a now-dissolved corporation, seeks distribution to him of one-half of a lease deposit which, he contends, belonged to the corporation. The trial court found, after a full trial on the merits, that the lease deposit did belong to the corporation because certain statutorily-prescribed corporate formalities which were necessary to transfer the lease (including the right to the deposit) had not been observed. However, the trial court also found that, under the applicable statute, the appellant’s claim was untimely.
We agree with the trial court. However, the appellant argues that, in addition to the cause of action which the trial court found to be untimely, he also had a cause of action for breach of fiduciary duty which was not untimely. Under the facts found by the trial court, which findings of fact are basically unchallenged on appeal by either side, it is apparent that there was no breach of fiduciary duty. Therefore, we will affirm the judgment of the trial court.
lain early 1993, plaintiff-appellant Joseph Sinatra and defendant-appellee Gae-tana Edin created Nite Life, Inc., a corporation to operate a nightclub. Nite Life, Inc. entered into a lease for certain premises. The lease required a $100,000 rent security deposit. Mr. Sinatra and Ms. Edin each contributed to the corporation $50,000 for the deposit.
On December 31, 1993, Mr. Sinatra and Ms. Edin formed Bourbon Nite-Life, L.L.C. to take over all of the assets of Nite Life, Inc. including the lease and the rights under the lease to the $100,000 deposit. There was a dispute in the testimony be *193 tween Mr. Sinatra and Ms. Edin on this point. Mr. Sinatra asserts that he did not intend to transfer the lease to the L.L.C. However, the trial court, with ample support in the record, found that both Mr. Sinatra and Ms. Edin intended to, and gave instructions for, the lease to be transferred from Nite Life, Inc. to the L.L.C.
An attempt was made in May, 1994 to transfer the lease from Nite Life, Inc. to the L.L.C. However, because the lease (including the right to the $100,000 deposit) constituted substantially all the assets of Nite Life, Inc., it was necessary to comply with the procedures of R.S. 12:121(B) and that was not done. Thus, the transfer was not legally effective.
Nevertheless, Ms. Edin and Mr. Sinatra and their bookkeeper proceeded as if the lease had been transferred from Nite Life, Inc. to the L.L.C. The June 1994 financial statements showed the rent security deposit as an asset of Nite Life, Inc. and the July 1994 financial statements showed the rent security deposit as an asset |3of the L.L.C. Mr. Sinatra had access to and reviewed the financial statements. Nite Life, Inc. ceased making the rent payments and the L.L.C. began making the rent payments. An application for a liquor license for the L.L.C., which was signed by Mr. Sinatra, reflects that the L.L.C. as the lessee of the premises in question and that the ownership, use and occupancy had been changed from a corporation to an L.L.C.
The L.L.C. began losing money and had $200,000 in debt. Apparently because that debt was secured by property of Ms. Edin, she wished for the business to continue. Mr. Sinatra, however, wished to withdraw from the L.L.C. He did so by an agreement by which Mr. Sinatra was paid $50,000 and by which Mr. Sinatra released the L.L.C. from any liabilities. However, because the release given by Mr. Sinatra mentioned only the L.L.C., he did not release Nite Life, Inc.
Nite Life, Inc. was dissolved in July 1995. Mr. Sinatra and Ms. Edin signed the affidavit for the corporate dissolution. Around the same time, the lease was can-celled because Ms. Edin decided to purchase the premises in question. The landlord (now vendor) of the premises returned the $100,000 deposit to the L.L.C. or Ms. Edin and it was used as a down payment on the purchase of the property.
In September 1996, Mr. Sinatra filed the present action. Mr. Sinatra argues that, because the May 1994 transfer of the lease from Nite Life, Inc. to the L.L.C. was legally ineffective, the lease (and the right to the rent deposit) continued to belong to Nite Life, Inc. He contends that, upon the dissolution of Nite Life, Inc., and the cancellation of the lease, the $100,000 deposit should have been returned Rto Nite Life, Inc. and that that corporation should have distributed the deposit, $50,000 to Mr. Sinatra and $50,000 to Ms. Edin.
The trial court held that, because Mr. Sinatra’s claim is based upon lack of compliance with the corporate procedural requirements of La. R.S. 12:121(B), it was required by R.S. 12:121(F) that the claim be brought within 90 days of the attempted transfer of the lease. We agree with this conclusion of the trial court, which conclusion is not really challenged by Mr. Sinatra on appeal.
Instead, Mr. Sinatra argues that, in addition to a cause of action under La. R.S. 12:121, he also has a cause of action for breach of fiduciary duty which is governed by a ten year prescriptive period. Preter-mitting the questions of the viability of such an action in general and the applicable prescriptive period, we think that, in view of the facts found by the trial court, there could not possibly have been a breach of fiduciary duty in this case. The trial court specifically found that Mr. Sinatra himself, as well as Ms. Edin, intended that, and gave instructions for the transfer of the lease (and the rights to the deposit) from Nite Life, Inc. to the L.L.C. Then, Mr. Sinatra himself proceeded as if the transfer had been accomplished. The only *194 reason that Mr. Sinatra even had any claim at all, even for 90 days, was the technical failure to comply with La. R.S. 12:121(B) in connection with the transfer of the lease.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.